ALBERT D. HOWE, Plaintiff, *v.* MILL OWNERS MUTUAL FIRE INSURANCE COMPANY OF IOWA, Defendant.

Supreme Court, Allegany County, May 27, 1933.

*Frank L. D'Arcy*, for the plaintiff.

*Shire & Jellinek* [*Joseph Swart* of counsel], for the defendant.

HARRIS, J. The motions of the defendant herein are addressed against the complaint and ask in the alternative either for a judgment dismissing the complaint on the ground that it appears on the face thereof that the complaint does not state facts sufficient to constitute a cause of action, or that the plaintiff be directed to bring in as a party to this action one Philip Miller, on the ground

that the said Philip Miller was the insured named in a policy of insurance mentioned and described in the complaint, and so is a necessary party to the action.

The complaint substantially alleges as follows: That prior to and at the time of the loss therein described, one Philip Miller was the owner of certain realty and that the plaintiff was the owner and holder of a mortgage on such realty; that the defendant issued to the said Miller, as owner, a policy covering loss to such premises by reason of windstorm, cyclone and tornado, and to the plaintiff a standard form mortgagee clause recognizing the plaintiff as first mortgagee, such policy further providing that loss under the same shall be payable to the plaintiff as his interest may appear; that the premium on such policy was paid and that the debt evidenced by such bond and mortgage of the plaintiff is still unpaid and that a loss of $600 under such policy occurred during its life and that such loss has not been paid.

The attack on the complaint is that the complaint does not contain an allegation setting forth that the policy in part provided as follows: " No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the wind storm, cyclone or tornado."

The question at issue is whether the twelve months' limitation contained in the provision above quoted is binding on the one for whose benefit the mortgagee clause or indorsement was written. Prior to the writing of the policy described in the complaint herein, the language of such clause was as follows: " No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance *by the insured* with all of the foregoing requirements, nor unless commenced within twelve months after the fire."

At a time prior to the writing of the policy described in the complaint, the change in verbiage of the quoted provisions was made. The courts of this State have held that the earlier provision which is the one last quoted above did not create a condition of any kind binding upon the mortgagee holding a mortgagee clause or a mortgagee indorsement (*Miller* v. *Stuyvesant Ins. Co.*, 223 App. Div. 6; *Salomon* v. *North British & Mercantile Ins. Co.*, 150 id. 728; *Heilbrunn* v. *German Alliance Insurance Co.*, 140 id. 557; affd., 202 N. Y. 610; *Eddy* v. *London Assurance Corp.*, 143 id. 311), and unless the change in verbiage has been such as to provide for the limiting of the mortgagee clause by the short statute, the law must be still regarded as set forth in the cases above cited. It is contended

that the change of verbiage came about because of the statement of the learned Court of Appeals in *Heilbrunn* v. *German Alliance Insurance Co.* (202 N. Y. 610, at p. 611), which is as follows: " We admit that insurance companies ought to have more protection in the matter of the time within which actions upon their policies must be brought, and possibly in other respects, than has been afforded them under the decision of the Appellate Division in this case; but the difficulty is that the language of those stipulations or conditions of the policy which relate to the proceedings after the liability of the company has accrued through the fire, does not enable or permit us to apply them to the mortgagee in such part only as may be practical or expedient. We must hold (unless our decision is to be wholly arbitrary) that all those stipulations, which in terms relate to the mortgagor only, apply equally to the mortgagor and mortgagee, or we must hold that none of them do. The former dictates that which is impossible of performance. The remedy of the companies is to apply to the legislature for leave to modify, as to the matters indicated, the standard fire insurance policy of the state of New York."

It is interesting at this point to note that the provisions of windstorm policies are not regulated under any statute of the State. The windstorm policies are of a standard form used by the companies throughout a certain territory. The change in the quoted clause of the policy is similar to that made by reason of statutory provision in the fire policies after the decision of *Heilbrunn* v. *German Alliance Ins. Co.* (202 N. Y. 610), above cited. After comparing the two clauses and studying the language of the decisions herein, this court cannot see how this change of verbiage, in any way, affects the former decisions. The clause, even as changed, still refers to requirements binding solely on the insured and so it must be concluded that the short Statute of Limitations still solely binds the insured and does not bind the mortgagee. Therefore, it becomes necessary to deny the motion of the defendant to dismiss the complaint for insufficiency.

In reference to the alternative motion of the defendant, no sound reason is advanced for the granting of such alternative motion.